■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE ROD-RIGUEZ, Appellant.— In a *coram nobis* proceeding, defendant appeals (1) from an order of the Supreme Court, Queens County, dated February 6, 1970, which denied the application, and, (2) as limited by his brief, from so much of a further order of the same court dated February 19, 1970 as, on reargument, adhered to the original decision. Appeal from order dated February 6, 1970 dismissed as academic. That order was superseded by the order of February 19, 1970, which granted reargument. Order dated February 19, 1970 affirmed insofar as appealed from (*People* v. *Scott,* 10 N Y 2d 380; *People* v. *Vance,* 7 A D 2d 661). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ . THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS SOTO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated September 14, 1970, which denied the application, without a hearing. Order affirmed. Appellant's brief states that the plea minutes are attached thereto. They do not appear therein. Accordingly, we have examined the copy of these minutes contained in the file transmitted to this court upon the appeal by this defendant's codefendant, Raymond N. Ali (*People* v. *Ali* [indictment No. 3193/65]). Munder, Acting P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ GILBERT RAMIREZ, Respondent-Appellant, v. ELBA RAMIREZ, Appellant-Respondent.— In an action for divorce the parties cross-appeal from a judgment of the Supreme Court, Kings County, dated July 9, 1970, which was entered upon defendant's default by withdrawal of her answer at the trial, except that they do not appeal from so much of the judgment as dissolved the marriage. Appeal by defendant dismissed, without costs. No appeal may be taken from a default judgment by the defaulting party. Judgment affirmed insofar as appealed from by plaintiff, without costs. It is noted that, whereas the trial court's written opinion states that all future issues of custody and support of the children be adjudicated in the Family Court, the separate conclusions of law and the judgment provide that such issues shall be determined in the Supreme Court. We believe that the latter is the appropriate forum for these issues in this instance and therefore leave the provision with respect to this in the judgment undisturbed. Munder, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.

■ J. MADISON RAYNOR, Appellant, v. RICHARD WHITNEY et al., Respondents.— Judgment of the Supreme Court, Suffolk County, dated November 18, 1971, affirmed, with costs. No opinion. Appeal from decision of the same court, dated November 11, 1971, dismissed, without costs. No appeal lies from a decision. Hopkins, Acting P. J., Martuscello, Christ, Brennan and Benjamin, JJ., concur.